

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-26-00023-CV
No. 07-26-00024-CV

PRAVEEN KUMAR YEDDULA, APPELLANT

V.

APARNA YEDDULA, APPELLEE

On Appeal from the 219th District Court
Collin County, Texas
Trial Court Nos. 219-08045-2025 & 219-51417-2022, Honorable Jennifer Edgeworth, Presiding[1]

May 18, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Proceeding pro se, Appellant, Praveen Yeddula, challenges the trial court's denial of a Bill of Review following a post-answer default divorce granted in favor of Appellee, Aparna Yeddula. By these appeals, Praveen asserts the trial court abused its discretion in denying his bill of review and in granting Aparna's Motion to Enforce because (1) he

---

[1] This cause was originally filed in the Fifth Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. See TEX. GOV'T CODE § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

presented a meritorious defense of fraud in the divorce decree's property division; (2) there was extrinsic fraud regarding mortgages which were counted twice; (3) his attorney did not exercise due diligence in discovering the fraud; (4) his attorney abandoned the motion for new trial following entry of the divorce decree despite emails contradicting his attorney's claim he no longer wished to pursue the motion; (5) evidence shows Aparna's counsel deliberately concealed property division calculations during the proceedings on the motion for new trial; and (6) his constitutional due process rights were violated by the appointment of a receiver to sell his homestead based on mathematical fraud.

By both appeals, Praveen challenges the same three orders:

(1) denial of his bill of review in cause number 219-08045-2025;

(2) denial of his oral motion to stay enforcement pending appeal;

(3) granting of Aparna's motion for enforcement and appointing a receiver to sell his homestead located at 2220 New College Lane, Plano, Texas 75025.

We affirm.

## BACKGROUND

The parties married in 1998 and separated in 2018. With the assistance of counsel, Aparna filed for divorce on March 10, 2022. Praveen represented himself and filed a general denial. In his pleading, he provided his email address and listed the marital residence of 2220 New College Lane, Plano, Texas, 75025 as his homestead. At the divorce hearing, his name was called three times in the court halls, but he failed to appear. The trial proceeded without his presence and on October 16, 2022, the trial court signed the final decree.

2

As relevant to these appeals, the division of the marital estate provides for Aparna to receive as her sole and separate property the following:

> [a] portion of the . . . net proceeds from the sale of the following real property as ordered herein: . . . 2220 New College Lane, Plano, TX 75025 that amount being the total sum of $140,000.00 and secured by a Deed of Trust to Secure Owelty of Partition as further described herein and referenced below.

The decree further provided for Praveen to be awarded as his sole and separate property the following:

> [s]ubject to [Aparna's] $140,000.00 interest which is more fully described herein, a 100% remainder interest in the real property located at 2220 New College Lane, Plano, TX 75025[.]

Also in the decree was an order for the sale of the residence "known as 2220 New College Lane, Plano, TX 75025, Collin County, Texas" and an owelty partition as follows:

1. The parties shall list the property with a duly licensed real estate broker having sales experience in the area where the property is located, provided further that the real estate broker shall be an active member in the Multiple Listing Service with the Board of Realtors.

2. The property shall be sold for a price that is mutually agreeable to [Aparna] and [Praveen]. If [Aparna] and [Praveen] are unable to agree on a sales price, on the application of either party, the property shall be sold under terms and conditions determined by a court-appointed receiver.

3. [Praveen] shall continue to make all payments of principal, interest, taxes, and insurance on the property during the pendency of the sale, and [Praveen] shall have the exclusive right to enjoy the use and possession of the premises until closing. All maintenance and repairs necessary to keep the property in its present condition shall be paid by [Praveen].

4. The net sales proceeds (defined as the gross sales price less cost of sale and full payment of any mortgage indebtedness or liens on the property) shall be distributed as follows: $140,000.00 shall first be paid

3

directly to [Aparna] and any remaining balance shall be distributed to [Praveen].

Owelty of Partition

The Court, having awarded the family homestead of the parties to [Praveen], finds that it is necessary to impose an encumbrance for owelty of partition against the entirety of the property to secure the payment of the debt resulting from the award.

IT IS ORDERED AND DECREED that an encumbrance for owelty of partition is imposed against the entirety of the homestead property located at:

***

2220 New College Lane, Plano, TX 75025[.]

The purpose of the encumbrance is to secure the payment of the debt of [Praveen] in favor of [Aparna] in the amount of One Hundred Forty Thousand Dollars ($140,000.00), resulting from the award of the homestead in this divorce proceeding.  The debt shall bear interest at 5 percent per year and shall be payable from the proceeds of the sale of the residence as further outlined above.

To further evidence the debt, [Praveen] is ORDERED to sign a note payable to [Aparna] in the amount of the debt specified above and payable according to the terms specified above. [Praveen] is FURTHER ORDERED to sign a deed of trust to secure payment of the debt resulting from the owelty of partition.

This debt is part of the division of community property between the parties and shall not constitute or be interpreted to be any form of spousal support, alimony, or child support.

After the trial court signed the final decree, Praveen received a copy and retained counsel to challenge the property division.  Counsel filed a timely request for findings of fact and conclusions of law and sought to challenge the decree via a motion for new trial.  On November 2, 2022, Praveen's counsel was asked to submit proposed findings and conclusions.  On November 7, counsel emailed the trial court and opposing counsel that Praveen no longer wished to proceed with a motion for new trial or appeal of this matter.

4

The divorce decree became final and on August 29, 2023, Aparna filed a "Motion for Enforcement of Property Division, Appointment of Receiver and to Clarify Order." She alleged Praveen was in violation of terms of the decree by failing to sell the property located at 2220 New College Lane, Plano, TX 75025.[2] Praveen's request for a continuance was denied.

On October 8, 2025, Praveen filed a Bill of Review seeking to set aside or modify the divorce decree based on discovery of extrinsic fraud regarding the property division. At a hearing held on December 4, 2025, the trial court denied the Bill of Review and granted Aparna's Motion for Enforcement. The trial court appointed a receiver to take charge of the marital residence and list it for sale.[3] Praveen appealed the trial court's rulings.

## APPLICABLE LAW—BILL OF REVIEW

An equitable bill of review is a direct attack on a judgment that is no longer appealable or subject to a motion for new trial. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010). The party seeking relief must generally plead and prove (1) a meritorious claim or defense to the judgment, (2) which he was prevented from making by official mistake or by the opposing party's fraud, accident, or wrongful act (3) unmixed with any fault or negligence on his own part. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015). Where, as here, fraud is the basis to avoid the prior judgment, that fraud

---

[2] She amended her motion to include other violations of the terms of the decree.

[3] Praveen filed an emergency motion to stay enforcement of the sale pending appeal claiming a potential sale "could occur within days" and he was at risk of losing his homestead. His motion was denied. *Yeddula v. Yeddula*, No. 07-26-00023-CV, 2026 Tex. App. LEXIS 1187, at *2 (Tex. App.—Amarillo Feb. 6, 2026, order).

5

must be extrinsic as opposed to intrinsic. *King Ranch*, *Inc. v. Chapman*, 118 S.W.3d 742, 752 (Tex. 2003).[4]  Unless otherwise specified by statute, equitable bills of review carry a four-year statute of limitations.  TEX. CIV. PRAC. & REM. CODE § 16.051.

Generally, a trial court's ruling on a bill of review is reviewed for abuse of discretion. *Bettwieser v. Jeffery*, No. 05-18-01266-CV, 2020 Tex. App. LEXIS 6097, at *10 (Tex. App.—Dallas Aug. 3, 2020, no pet.) (mem. op.).  An appellate court indulges every presumption in favor of the trial court's ruling unless there is an affirmative showing the trial court acted arbitrarily or unreasonably and without reference to any guiding rules or principles. *Id.* at *10–11.

Texas law favors the finality of judgments. *King Ranch*, 118 S.W.3d at 751.  Thus, grounds upon which a bill of review may be granted are narrow. *Id.*

## ANALYSIS

By six issues, Praveen asserts the trial court abused its discretion in denying his bill of review.  We disagree.

The record reflects Praveen received email notice of the divorce hearing set for September 28, 2022.  The trial court took judicial notice that he had been properly served, filed an answer, but failed to appear at the hearing.  The court also took judicial notice that Praveen was properly served with a copy of the final decree.  In fact, Praveen hired counsel and requested findings of fact and conclusions of law on October 28, 2022.  But on November 7, counsel sent an email providing "[m]y client has informed us that he no

---

[4] Extrinsic fraud is that which denies a party the opportunity to fully litigate at trial all the rights or defenses that could have been asserted. *King Ranch*, 118 S.W.3d at 752.  Intrinsic fraud pertains to the merits of the issues that were presented and were or should have been resolved in the former action. *Id.*

6

longer wishes for us to seek a motion for new trial or appeal of this matter. Therefore, we are no longer in need of findings of fact/conclusions of law and will not be filing any proposed FOFCOL . . . ."

Two years later, Praveen filed his bill or review asserting he discovered fraud. He challenged the decree's property division claiming his meritorious defense was that three mortgages totaling $585,957 were counted twice, the fraud was extrinsic and prevented him from presenting a full case, and he exercised due diligence and discovered the fraud in May 2025. He maintained the calculations inflated his equalization payment obligation from approximately $75,000 to $140,000. He presented a spreadsheet to illustrate his position.

Praveen admitted he received a copy of the divorce decree and then retained counsel to challenge the property division. He conceded he made a mistake in not hiring counsel from the inception of the divorce proceedings. He testified "unfortunately I had to discontinue her because she was already – my budget for 9,000 was passing with 5,000 extra more." Although he claimed his counsel was ineffective for abandoning him by emailing the trial court that he no longer wished to pursue a motion for new trial or appeal, it was his failure to pay his attorney that resulted in the decree not being timely challenged.

Aparna does not dispute that the mortgages in question were erroneously duplicated and concedes Praveen may have had a meritorious defense. But she maintains Praveen did not satisfy all the elements to be granted a bill of review. We agree.

7

Praveen did not present evidence of extrinsic fraud as required. Instead, he presented evidence of intrinsic fraud because the fraud was within the four corners of the divorce decree, and such fraud does not support a bill of review. Additionally, the record reflects Praveen was at fault for not appearing at the divorce hearing to present his defense. He retained counsel in time to challenge the decree but then did not pursue his remedy because he could no longer afford counsel.

Also, the trial court did not violate his constitutional rights by appointing a receiver to sell the homestead. Although homesteads are generally protected by the Texas Constitution, an exception is made for an owelty of partition imposed against the entirety of the property by a court order, including a debt of one spouse in favor of the other spouse resulting from an award in a divorce proceeding. TEX. CONST. art. XVI, § 50(a)(3).

We conclude Praveen did not satisfy the elements to show entitlement to a bill of review. The trial court did not abuse its discretion in denying the bill of review.

### APPLICABLE LAW—MOTION FOR ENFORCEMENT

A trial court that renders a divorce decree retains jurisdiction to clarify and enforce the decree's property division. TEX. FAM. CODE § 9.002. A trial court's ruling on a post-divorce motion for enforcement or clarification is reviewed for abuse of discretion. *Beshears v. Beshears*, 423 S.W.3d 493, 499 (Tex. App.—Dallas 2014, no pet.). The trial court's appointment of a receiver is likewise reviewed for abuse of discretion. *Spiritas v. Davidoff*, 459 S.W.3d 224, 231 (Tex. App.—Dallas 2015, no pet.). The trial court abuses its discretion when it acts arbitrarily or unreasonable, or without any reference to any guiding rules or principles. *Id.*

8

## ANALYSIS

Praveen argues the trial court abused its discretion in granting Aparna's motion to enforce because it deprived him of his homestead through receivership. As presented above, the trial court did not violate Praveen's constitutional right to his homestead.

At the hearing on Aparna's motion for enforcement, Praveen announced he was not prepared. The trial court reminded him that two prior requests for a continuance had been denied and that three years had passed since entry of the divorce decree.

Aparna testified Praveen had yet to pay her $140,000 awarded to her in the decree nor had he signed a promissory note payable to her for that amount, both terms in the decree. She further testified Praveen had failed to list the residence for sale as required by the decree and was asking the court to appoint a receiver to do so.

After Aparna's direct testimony, Praveen did not present any cross-examination. He merely stated, "I deny everything." He also expressed that he wanted to remain in the homestead "for a long time." The trial court acknowledged that Praveen had "no separate evidence" to present in the enforcement proceeding and then granted Aparna's motion for enforcement and appointment of a receiver.

Praveen did not present any evidence to show Aparna was not entitled to enforcement of the property division in the divorce decree. Thus, the trial court did not abuse its discretion in granting her motion and appointing a receiver to sell the residence.

9

## CONCLUSION

The trial court's orders denying Praveen's Bill of Review and granting Aparna's Motion to Enforce are affirmed.

Alex Yarbrough<br>
Justice